# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re:**

JESSICA R. WILCOX

**Debtor.**

**Case No. 07-01758-JDP**

**Chapter 13**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

> Jake W. Peterson, Boise, Idaho, Attorney for Debtor.
>
> Kathleen A. McCallister, Pocatello, Idaho, Chapter 13 Trustee.

### *Procedural History*

On November 9, 2007, Debtor Jessica R. Wilcox filed a voluntary

chapter 13[1] petition.  Docket No. 1.  On Schedule B, her schedule of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 –1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036.

MEMORANDUM OF DECISION - 1

personal property assets, Debtor listed a "Personal Injury Annuity." Debtor claimed the entirety of the annuity as exempt on Schedule C, citing Idaho Code § 41-1836(1)(b) to support the claim.

The schedules reflect that Debtor receives a payment of $20,000 every five years until she reaches age 55, and that she is not due to receive another payment until November, 2011.[2]

On December 22, 2007, Chapter 13 trustee Kathleen A. McCallister ("Trustee") filed a Trustee's Objection to Claim of Exemption regarding the annuity payments. Docket No. 27. On January 4, 2008, Debtor filed a response to the objection. Docket No. 28. The Court conducted a hearing on the objection on January 8, 2008, and took the issues under advisement. Docket No. 30. The Court has now considered the submissions of the parties, the exhibit admitted into evidence at the hearing, the arguments of counsel, as well as the applicable law. This Memorandum disposes of the objection, and constitutes the Court's findings and conclusions. Fed. R.

---

[2] This characterization of the stream of payments is not entirely correct, as discussed later in the decision.

MEMORANDUM OF DECISION - 2

Bankr. P. 7052; 9014.

### *Analysis and Disposition*

As a general matter, when a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate, available for distribution to the debtor's creditors. *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) (quoting § 541(a)(1)).  However, to allow the debtor to gain a financial fresh start, the Code permits him or her to shield certain interests in property from administration in the bankruptcy case.  *Id.*; *See, e.g.*, 11 U.S.C. § 522(d).[3]

Under § 522(b)(2), a state may "opt out" of the Federal bankruptcy exemption scheme provided in § 522(d).   Idaho has elected to opt out.  Idaho Code § 11-609.  Accordingly, Idaho exemption law applies to Debtor.

---

[3] Of course, this is a chapter 13 case, not a liquidation case under chapter 7.  Even so, §§ 541 and 522 are applicable.  11 U.S.C. § 103(a) (providing that provisions of Code chapters 1, 3, and 5 are applicable in all bankruptcy cases) . While Debtor will not lose her assets to liquidation by a trustee, the character of those assets as property of the bankruptcy estate, and whether those assets are exempt, are important in, eventually, determining whether any debt repayment plan proposed by Debtor pays her unsecured creditors at least as much as they would receive in a liquidation, a requirement for confirmation of that plan under § 1325(a)(4).

MEMORANDUM OF DECISION - 3

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). However, once Trustee presents "sufficient evidence to rebut the prima facie validity of the exemption, the burden shifts to a debtor to demonstrate that the exemption is proper." *In re Hess*, 350 B.R. 882, 885 (Bankr. D. Idaho 2005); *In re Nielsen*, 97.4 I.B.C.R. 107, 107 (Bankr. D. Idaho 1997). The validity of a claimed exemption is determined as of the date of filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Yackley*, 03.1 I.B.C.R. 84 (Bankr. D. Idaho 2003).

Debtor claims the annuity exempt pursuant to Idaho Code § 41-1836, which provides, in pertinent part:

> (1) The benefits, rights, privileges and options which under any annuity contract heretofore or hereafter issued are due or prospectively due the annuitant, shall not be subject to execution nor shall the annuitant be compelled to exercise any such rights, powers, or options, nor shall creditors be allowed to interfere with or terminate

MEMORANDUM OF DECISION - 4

> the contract, except:
>
> * * * * *
>
> > (b) The total exemption of benefits presently due and payable to any annuitant periodically or at stated times under all annuity contracts under which he is an annuitant, shall not at any time exceed one thousand two hundred fifty dollars ($1,250) per month for the length of time represented by such installments, and that such periodic payments in excess of one thousand two hundred fifty dollars ($1,250) per month shall be subject to garnishee execution to the same extent as are wages and salaries.

Idaho Code § 41-1836(1)(b).  In addition, the statute provides the following definition:

> (3) An annuity contract within the meaning of this section shall be any obligation to pay certain sums at stated times, during life or lives, or for a specified term or terms, issued for a valuable consideration, regardless of whether or not such sums are payable to one (1) or more persons, jointly or otherwise, but does not include payments under life insurance contracts at stated times during life or lives, or for a specified term or terms.

MEMORANDUM OF DECISION - 5

Idaho Code § 41-1836(3).

Trustee objects to Debtor's claim of exemption in this case on the grounds that the asset "is the balance due of $80000.00 on a personal injury annuity and not on an insurance annuity." Docket No. 27. Debtor argues her annuity falls within the definition in paragraph (3), and it is of no consequence that her annuity is one for personal injury rather than an insurance annuity. Docket No. 28.

In resolving the objection, the Court is guided by prior decisions. In *In re Nielsen*, 97.4 I.B.C.R. at 107, Judge Hagan considered a very similar claim of exemption and resulting objection in a chapter 7 case. One of the debtors in *Nielsen* had been involved in an automobile accident as a minor. The accident resulted in an injury which would very likely require head surgery when the debtor reached adulthood. A financial settlement was reached, and the proceeds of the settlement were used to purchase an annuity to be paid to the debtor commencing in May 1997, with additional payments due to her in May 2001 and May 2006. When, approximately seven years after the accident, she and her husband filed for bankruptcy

MEMORANDUM OF DECISION - 6

relief in April 1997, the debtor had not yet received the initial annuity payment, though it was due to be paid the following month.

The Court considered whether the debtor's annuity payments were exempt under Idaho Code § 41-1836.[4] The Court stated the following:

> By enacting Idaho Code Section 41-1836, however, the Legislature of the State of Idaho has proclaimed its public policy to allow the recipient of any annuity the standard amount of $350.00[5] per month for the life of the annuity without regard to its necessity for the support of the annuitant or his or her dependents. Thus, the Debtor is entitled to the sum of $350.00 per month for the life of the annuity.

*Nielsen*, 97.4 I.B.C.R. at 108.

The method employed by the court in *Nielsen* to calculate the exempt portion of the annuity is somewhat unclear, in large part due to

---

[4] The Court first considered whether the payments were exempt, as the debtor claimed, under Idaho Code § 11-604(1)(c), which protects the proceeds of a judgment or settlement accruing as a result of bodily injury, to the extent reasonably necessary for support. The Court concluded that the annuity payments were not necessary for the support of either debtors or their dependent. Here, because Debtor did not claim her annuity exempt under this statute, the Court will not consider its application.

[5] The statute was amended in 2001 to increase this amount to $1,250.

MEMORANDUM OF DECISION - 7

the fact that the decision does not indicate the amount of any of the annuity payments except the initial one. However, the court stated:

> Accordingly, the Debtor is entitled $350.00 per month through the month of May of 2006, the time the Debtor reaches thirty years old and the time the annuity terminates.

*Id.* The result of this calculation yielded $43,500 in non-exempt annuity proceeds.

The Court can discern no cause to depart from the reasoning of its own decision. Though the annuity exemption provision of Idaho Code § 41-1836 is found within the Idaho insurance code, the language is not so limiting. Indeed, the statute defines what constitutes an annuity contract "within the meaning of this section". Idaho Code § 41-1836(3). As noted above, annuity contracts that qualify for exemption under the statute are defined as:

> any obligation to pay certain sums at stated times, during life or lives, or for a specified term or terms, issued for a valuable consideration, regardless of whether or not such sums are payable to one (1) or more persons, jointly or otherwise, but does not include payments under

MEMORANDUM OF DECISION - 8

>   life insurance contracts at stated times during life
>   or lives, or for a specified term or terms.

*Id*.

The annuity contract at issue here meets all the necessary requirements for exemption under Idaho Code § 41-1836.  As provided in the statute, under this annuity contract, the other party is obliged to pay Debtor certain sums, at stated times, for a specified term or terms.  Indeed, the contract requires specific payments be made on specific dates, to wit:

| Amount | Due Dates |
| --- | --- |
| $500.00 | On November 23, 1990 and on the 23rd day of each following month until 48 payments have been made. |
| $10,000.00 | November 23, 1993 |
| $12,000.00 | November 23, 1996 |
| $15,000.00 | November 23, 2001 |
| $20,000.00 | November 23, 2006 |
| $20,000.00 | November 23, 2011 |
| $20,000.00 | November 23, 2016 |

MEMORANDUM OF DECISION - 9

   $20,000.00        November 23, 2021

   $131,847.00       November 23, 2026

Exhibit 1.  Furthermore, this annuity contract was issued to Debtor for a valuable consideration, *i.e.*, the settlement of her personal injury claim, as well as the $1 recital.  *Id*.  Finally, the contract is not a life insurance contract, nor is there any evidence in the record that it was entered into with the intent to defraud creditors.[6]  Thus, the annuity contract here meets all the requirements of Idaho Code § 41-1836(3).

  Trustee contends that the annuity contract is not a contract of insurance, and thus it should not fall within the exemptions codified in the Idaho insurance code.  Again, the Court is guided by its prior decisions.  In *In re Stratch*, 97.1 I.B.C.R. 5 (Bankr. D. Idaho 1997) (Hagan, J.), the Court was asked to consider whether an instrument entitled "annuity" would be exempt under Idaho Code § 41-1836.  In that case, a relative of the debtor purchased the annuity for the benefit of his or her heirs.  Under its terms,

---

[6] The contract was executed on May 11, 1988, over nineteen years prior to Debtor's bankruptcy filing.

MEMORANDUM OF DECISION - 10

on a date certain in the future, the debtor was to receive a single lump sum payment of $100,000. Though the relevant analysis contained in that decision was likely dicta, since the trustee had not timely objected to the claim of exemption, the Court's discussion of the merits of the exemption claim is instructive here. The Court concluded that although only one payment was to be made, the instrument was nevertheless an annuity, and the provisions of Idaho Code § 41-1836 applied and the future payment was exempt.

The Court revisited that same annuity later that year in *In re Stratch*, 97.3 I.B.C.R. 72 (Bankr. D. Idaho 1997) (Hagan, J.). On this occasion, the Court was asked to decide whether the debtors were entitled to grant a security interest in the future annuity payment. In holding that a security interest was properly granted in the future annuity payment, the Court noted that the annuity was not a "policy of insurance", which would exclude it from coverage under the Uniform Commercial Code.

Synthesizing the two decisions, it seems clear that, even though a particular annuity contract may not be an insurance policy, it may still be

MEMORANDUM OF DECISION - 11

covered by the exemption provisions of Idaho Code § 41-1836, a part of the Idaho insurance code.  Therefore, under both *Stratch* decisions as well as *Nielsen*, the exemption provision in Idaho Code § 41-1836 may also apply to a personal injury annuity, even though that annuity does not stem from an insurance policy.

Regarding the amount of Debtor's annuity that is exempt, the Court takes the same mathematical approach as it did in *Nielsen*.  If the exemption cap of $1,250 per month is multiplied by the number of months during which the annuity will remain in effect, commencing with the petition date[7], the total amount of exempt funds is $286,250.[8]  However, the total amount Debtor has yet to receive in annuity payments is $191,847.[9]  Therefore all remaining annuity payments are exempt.

---

[7] As noted above, "Property of the estate includes all legal and equitable interests of the debtor in property *as of the date of the petition*."  *Hanf v. Summers (In re Summers)*, 278 B.R. 808, 810-11 (9th Cir. BAP 2002) (emphasis supplied); 11 U.S.C. § 541(a).

[8] November 2007 – November 2026 = 229 months.
229 x $1,250 = $286,250

[9] *See* Ex. 1.

MEMORANDUM OF DECISION - 12

*Conclusion*

Because Debtor's annuity contract falls within the parameters of Idaho Code § 41-1836, the Court concludes that it is exempt up to the amount of $1,250 per month. As Debtor's annuity payments equal something less than the maximum amount, the full amount of those payments are exempt.

Trustee's objection to Debtor's claim of exemption is overruled. A separate order will be issued.

Dated: February 15, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13